**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**FRED REYNOLDS,**

    **Plaintiff,**

vs.                                                       Case No. 4:04cv95-RH/WCS

**UNITED STATES OF AMERICA,**

    **Defendant.**

    _____/

## O R D E R

Defendant filed a renewed motion to strike the complaint, or in the alternative, a motion for sanctions against the *pro se* Plaintiff. Doc. 46. Plaintiff was given an opportunity to respond to the motion. Doc. 49.

On May 3, 2005, Defendant filed its first motion to strike Plaintiff's complaint or, alternatively, a motion for an extension of time to conduct discovery. Doc. 42. Defendant requested that pursuant to the Court's authority under FED. R. CIV. P. 37, that the Court sanction Plaintiff for failing to comply with the discovery request by dismissing the complaint. Doc. 42, p. 3. Alternatively, Defendant sought an order compelling Plaintiff to fully respond to the request for production immediately and extend the discovery deadline as appropriate. *Id.* Defendant's motion to strike was denied but Plaintiff was ordered to provide a full and complete response to Defendant's request for

production.  Doc. 43.  On or about May 23rd, a large stack of documents was sent to the Court by Plaintiff.  Those documents were found deficient for multiple reasons and returned to Plaintiff without filing.  Doc. 45.  Shortly after the order was entered returning the documents to Plaintiff, Defendant filed the instant motion.  Doc. 46.

It now appears after clarification by Plaintiff, *see* doc. 50, that those documents were responsive to Defendant's request for production.  The documents were mistakenly sent to the Court rather than opposing counsel.  Because the failure to provide the discovery documents to Defendant's counsel was due to this mistake, the second motion to strike or for sanctions, doc. 46, will be denied.

Additionally, Defendant filed a motion to dismiss or, in the alternative, a motion for summary judgment.  Doc. 47.  The motion is supported by several pieces of documentary evidence, but it is not accompanied by a separate statement of material facts as to which the moving party contends there is no genuine dispute.  The motion will not be construed as a summary judgment motion until that requirement has been met.  *See* N.D. Fla. Loc. R. 56.1.

As to the attached exhibits, a district court has wide discretion in electing whether or not to consider matters outside the pleadings.  Skyberg v. United Food and Commercial Workers Intern. Union, AFL-CIO, 5 F.3d 297, 302 (8th Cir. 1993).  So long as the judge rules only on the motion to dismiss, even though "matters outside the pleadings were presented to the court, defendant's motion to dismiss [is] not converted into a summary judgment motion." E.E.O.C. v. Reno, 758 F.2d 581, 583 n.6 (11th Cir. 1985), *citing* Ware v. Assoc. Milk Producers, Inc., 614 F.2d 413 (5th Cir. 1980).  "[T]he mere presence of such matters does not affect a Fed. R. Civ. P. Rule 12 dismissal

where a court clearly rules only on the motion to dismiss." St. Joseph's Hosp., Inc. v. Hospital Auth. of America, 620 F. Supp. 814, 820 (S.D. Ga. 1985), *relying on* E.E.O.C., 758 F.2d at 583. Thus, a Rule 12(b)(6) motion to dismiss may still be granted by looking solely to the complaint and Defendant's motion, notwithstanding the fact that Defendant filed other documents. Should Defendant, however, file the separate Rule 56 statement of facts, it would be appropriate to construe the motion as one seeking summary judgment.

Plaintiff has recently filed a reply to Defendant's motion. Doc. 51. In light of this order, and the fact that Defendant may clarify that the motion is intended to be one seeking summary judgment and the exhibits should be considered, Plaintiff will be given more time in which to file a reply. Should Defendant file a separate statement of material fact on or before **July 20, 2005**, then a subsequent order will be issued providing Plaintiff with instruction concerning his obligation to respond to the motion as provided for in FED. R. CIV. P. 56. Such an order is unnecessary at this time.

Accordingly, it is **ORDERED:**

1. Defendant's second motion to strike Plaintiff's complaint, or in the alternative, a motion for Rule 37 sanctions, doc. 46, is **DENIED**.

2. Ruling on Defendant's motion for summary judgment or, in the alternative, to dismiss, doc. 47, is **DEFERRED**.

3. Defendant shall have until **July 20, 2005**, in which to clarify whether it is desired that the motion be construed solely as one seeking summary judgment and the filing of a separate statement of material fact in accordance with N.D. Fla. Loc. R. 56.1.

4.  The Clerk of Court shall return this file to the undersigned no later than July 20, 2005.

**DONE AND ORDERED** on July 6, 2005.

        **s/   William C. Sherrill, Jr.**
        **WILLIAM C. SHERRILL, JR.**
        **UNITED STATES MAGISTRATE JUDGE**