IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


**FRED REYNOLDS,**

    **Plaintiff,**

vs.                                  Case No. 4:04cv95-RH/WCS

**UNITED STATES OF AMERICA,
UNITED STATES MARSHALS SERVICE,
and DEPUTY MARSHAL FRANK YOUNG,**

    **Defendant.**

_____/


## O R D E R

Plaintiff sues the United States under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*, for negligence during transportation by the United States Marshals Service as a federal prisoner. Doc. 14. Plaintiff also sues the United States Marshals Service. It is unclear whether he sues this Defendant both for negligence and for violation of the Eighth Amendment. Both claims appear at the end of the complaint, doc. 14.

Finally, Plaintiff sues former Deputy United States Marshal Frank Young individually. Doc. 14. The United States moved that it be substituted for Young with respect to the claim of negligence pursuant to 28 U.S.C. § 2679(b)(1) and (d)(1), by operation of law. Doc. 24. That motion was granted. Doc. 25. The United States, however, was not and could not be substituted for the federal constitutional claim (the Eighth Amendment claim) that has been made individually against Young. 28 U.S.C. § 2679(b)(2)(A). Thus, the substitution operated only as to the Federal Tort Claim of negligence, and Young remains a Defendant as to the Eighth Amendment claim.

Defendant filed a motion to dismiss or for summary judgment, doc. 47, and a statement of undisputed material facts, doc. 53. Plaintiff has filed two responses. Docs. 51 and 56.

Defendant Frank Young now works as a court security officer in this courthouse for the Tallahassee Division. He previously worked as a Deputy Marshal for the Tallahassee Division for a number of years. I see Officer Young daily at the front desk.

28 U.S.C. § 455(a) provides:

(a) Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

"The test is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality." Parker v. Conners Steel Co., 855 F.2d 1510, 1524 (11th Cir. 1988), *cert. denied*, 109 S.Ct. 2066 (1989); McWhorter v. City of Birmingham, 906 F.2d 674, 678 (11th Cir. 1990). While I do not believe that I should generally recuse

myself when the defendant is an employee associated with the work of this district, here I believe the better course is to recuse myself.

Accordingly, it is **ORDERED** that:

1. I recuse myself from this case.

2. The Clerk shall notify the Chief District Judge so that this case may be reassigned to another magistrate judge.

**DONE AND ORDERED** on December 8, 2005.

                                s/    William C. Sherrill, Jr.
                                **WILLIAM C. SHERRILL, JR.**
                                **UNITED STATES MAGISTRATE JUDGE**